IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE A. GOULD,
      Plaintiff,

v.                                 Civil Action No. 3:18-cv-00193-JAG

WELLS FARGO BANK, NATIONAL
ASSOCIATION, *et al.*,
      Defendants.

## OPINION

This matter comes before the Court on the plaintiff's motion to remand this case to state court. (Dk. No. 13.) The plaintiff, George Gould, sued the defendants, Wells Fargo Bank, National Association ("Wells Fargo") and the Professional Foreclosure Corporation of Virginia ("PFC"), in Richmond City Circuit Court. Gould alleges two counts: (1) breach of the deed of trust against Wells Fargo and (2) breach of fiduciary duty against PFC. Wells Fargo, with PFC's consent, removed the case to this Court based on federal question jurisdiction, and Gould moved to remand. Because the Court lacks jurisdiction, the Court GRANTS Gould's motion and REMANDS the case to the Richmond City Circuit Court.

## I. BACKGROUND

Gould purchased a home in 2003 and financed the transaction through a loan and deed of trust with Wells Fargo. Paragraph 19 of the deed of trust allowed Wells Fargo to accelerate the loan and initiate foreclosure proceedings under certain conditions. This provision also stipulated that Gould could stop foreclosure and reinstate his loan if he paid "reinstatement sums and expenses" five days prior to the foreclosure sale. (Dk. No. 1, Ex. 1 at ¶ 12.)

In 2015, Gould received notice from Wells Fargo's counsel, Shapiro & Brown, LLP ("Shapiro & Brown"), that his home would be sold at a foreclosure sale on July 28, 2015. Gould

requested a reinstatement quote from both Wells Fargo and Shapiro & Brown, but neither provided one. On July 28, 2015, PFC, the substitute trustee, conducted the foreclosure sale. Gould alleges that he could have stopped the sale if Wells Fargo or Shapiro & Brown had provided him with the reinstatement quote.

Wells Fargo later reported the foreclosure to credit bureaus. In addition to other economic damages, Gould alleges he sustained damage to his credit score as a result of Wells Fargo's negative reports.

## II. DISCUSSION

A defendant in a state civil case may remove the case to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. Wells Fargo argues that this Court has jurisdiction over this case because the plaintiff's first claim, breach of the deed of trust, falls under the Fair Credit Reporting Act ("FCRA") and, therefore, involves a federal question. Wells Fargo alternatively argues in its opposition to Gould's motion to remand that Gould fraudulently joined defendant PFC.

### A. Gould Does Not Make an FCRA Claim

A plaintiff's allegations of negative credit reports and subsequent economic injury in a complaint do not by themselves constitute an FCRA claim. For instance, a plaintiff does not state an FCRA claim when she alleges that the bank unfairly issued a negative credit report, which, in turn, lowered her credit rating and resulted in other economic injuries. *Turner v. JPMorgan Chase, N.A.*, No. TDC-14-0576, 2014 WL 4843689, at *6 (D. Md. Sept. 25, 2014). Likewise, a plaintiff's request for his lender to correct his credit reports does not amount to an FCRA claim since the FCRA provides no "private right of action for a credit furnisher's alleged failure to report accurate information." *Harrell v. Caliber Home Loans, Inc.*, 995 F. Supp. 2d

548, 554 n.4 (E.D. Va. 2014). Instead, a furnisher faces liability only if it "failed to conduct a reasonable investigation of a consumer's dispute after being notified of a dispute directly by a credit reporting agency." *Id.*

Here, as evidence of an attempt to state an FCRA claim, Wells Fargo cites paragraphs 30–32 of Gould's complaint, which allege that Wells Fargo made negative credit reports and that these reports resulted in economic damage to Gould. Gould's claims plainly relate to a wrongful foreclosure; he merely lists negative credit reporting among his damages. *See Turner*, 2014 WL 4843689, at *6.

Further, Wells Fargo argues that the FCRA preempts Gould's state law claims. The FCRA includes two preemption provisions: 15 U.S.C. § 1681t(b)(1)(F) and 15 U.S.C. § 1681h(e). Neither preempts Gould's claims. First, § 1681t(b)(1)(F) only preempts state statutory law,[1] and Gould brings common law claims. Second, § 1681h(e) preempts common law claims relating to defamation, invasion of privacy, and negligence; Gould's common law claims do not fall into any of those categories. 15 U.S.C. § 1681h(e).

Accordingly, Gould does not attempt to assert an FCRA claim, and the FCRA does not preempt his claims. Because Gould does not raise a federal question, this Court lacks jurisdiction.

### B. PFC Is Not Fraudulently Joined

In its opposition to the motion to remand, Wells Fargo contends that Gould fraudulently joined PFC to defeat diversity jurisdiction, since without PFC, complete diversity would exist.

---

[1] The Fourth Circuit has not decided this issue. *Ross v. FDIC*, 625 F. 3d 808, 814 n.1 (4th Cir. 2010). Most district courts within the Fourth Circuit, however, have adopted the "statutory approach." *Bourdelais v. JP Morgan Chase Bank, N.A.*, No. 3:10CV670, 2012 WL 5404084, at *7 (E.D. Va. Nov. 5, 2012). Under this approach, § 1681t(b)(1)(F) preempts only state statutory claims. *Bourdelais*, 2012 WL 5404084, at *7.

When a defendant raises fraudulent joinder in response to a motion to remand, rather than in the notice of removal, "the belated allegation of fraudulent joinder d[oes] not provide a basis for federal jurisdiction." *Phillips v. BJ's Wholesale Club, Inc.*, 591 F. Supp. 2d 822, 825 (E.D. Va. 2008).

Even if Wells Fargo timely raised its fraudulent joinder claim, however, this Court would conclude that PFC was not fraudulently joined. To show a fraudulent joinder, a defendant must establish either: "(i) '[t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court'; or (ii) '[t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Allard v. Laroya*, 163 F. Supp. 3d 309, 310–11 (E.D. Va. 2016) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis added). Here, seeing no indication of "outright fraud," Wells Fargo relies on Gould's inability to establish a cause of action against PFC. *Id.* at 311.

Whether a borrower can bring a breach of fiduciary duty claim against a substitute trustee remains an open question. *See Moore v. Law Offices of Shapiro, Brown & Alt, LLP*, No. 3:14cv832, 2015 WL 4877845, at *8 (E.D. Va. Aug. 13, 2015). Recent cases, however, suggest that borrowers like Gould can successfully bring such claims. *See, e.g., Vaughn v. U.S. Bank N.A.*, No. 3:15-cv-103-HEH, 2015 WL 1349953, at *3 (E.D. Va. Mar. 24, 2015) ("A claim for breach of fiduciary duties against a substitute trustee to a deed of trust is a viable cause of action under Virginia law."). At the very least, it is "possible that Virginia law supports a claim for fiduciary breach against a substitute trustee." *Gibbs v. Fed. Nat'l Mortg. Ass'n*, No. 3:18-cv-75-HEH, 2018 WL 1629109, at *3 (E.D. Va. Apr. 4, 2018). Thus, there is indeed a "possibility" that Gould can establish a cause of action against PFC. *Allard*, 163 F. Supp. 3d at 310–11.

Wells Fargo claims that even if Gould could establish a breach of fiduciary duty claim against PFC, this claim would be time-barred. Wells Fargo argues that Virginia Code § 8.01-248, which sets a two-year statute of limitations for all "personal actions for which no other limitation is specified" applies, and that Gould's claim is over two years old. There is at least a possibility, however, that the statute of limitations would not bar Gould's claim.

Specifically, an alternate statute of limitations period could apply to this claim. A breach of fiduciary duty claim can sound in either contract or tort. *See Cincinnati Ins. Co. v. Ruch*, 940 F. Supp. 2d 338, 346 (E.D. Va. 2013); *Moore*, 2015 WL 4877845, at *10 ("Plaintiffs' claim on this point [breach of fiduciary duty] sounds in contract, not tort."). Contract claims have a statute of limitations period between three and five years. Va. Code Ann. § 8.01-246. Thus, a court could find that Gould's breach of fiduciary duty claim sounds in contract, which would extend the statute of limitations. Although many courts have held that a two-year statute of limitations governs breaches of fiduciary duty, not all courts have followed suit. For instance, one court held that it "lack[ed] sufficient facts" at the motion to dismiss stage to determine the statute of limitations period for a breach of fiduciary duty claim. *Martinez v. Res. Bank, FSB*, 1:09cv1112, 2010 WL 1375232, at *5 (E.D. Va. Apr. 1, 2010).

Thus, Wells Fargo has not shown that Gould has "no possibility" of establishing a cause of action against PFC. *Allard*, 163 F. Supp. 3d at 310. Gould did not fraudulently join PFC and, therefore, this Court lacks diversity jurisdiction.

## III. <u>CONCLUSION</u>

Gould's complaint does not assert an FCRA claim, nor does it fraudulently join defendant PFC. The Court, therefore, GRANTS Gould's motion to remand.

An appropriate Order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: _____ July 20 _____, 2018
Richmond, VA

_____
/s/
John A. Gibney, Jr.
United States District Judge